IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LORRAINE D. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:10cv00311 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: Hon. Robert S. Ballou |
| Commissioner of Social Security, | ) | United States Magistrate Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court to provide a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on the petition for an award of an attorney's fee filed by plaintiff's counsel. For the reasons stated, the undersigned recommends that the court grant the fee request awarding Plaintiff's counsel an attorney's fee of $6,000.00 for his representation of plaintiff before the court.

**PROCEDURAL HISTORY**

Plaintiff Lorraine D. Hunter ("Hunter") filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for disability insurance benefits, ("DIB") and supplemental security income, ("SSI") benefits under the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1383f. The Commissioner answered the suit and filed the administrative record. Both parties filed motions for summary judgment. (Dkt. # 10 & 15). On July 5, 2011, the court remanded the case with instructions to the Commissioner to

1

award benefits and calculate payments of disability to begin July 1, 2006. The Commissioner awarded Hunter $54,698.00 in past due benefits.

Counsel for Hunter submitted a letter dated October 7, 2011 requesting the court to approve an attorney fee of $6,000.00 based upon fee agreement with Hunter for representing her in this claim. (Dkt. # 23). Specifically, counsel stated that he would be satisfied with an award of fees consistent with the fee agreement even though he could petition for a greater fee. On October 14, 2011, the district court judge construed the letter from Hunter's counsel as a motion for an award of fees and expenses under the Equal Access to Justice Act, ("EAJA"). The Commissioner wrote counsel on November 2, 2011 stating that the fee request must include a separate petition for attorney's fees designating the time spent in matters before the court. (Dkt. # 26). The Commissioner responded to the fee request on November 14, 2011 asserting that the fee petition was deficient and requesting Hunter's counsel to file a proper fee petition to facilitate the court's determination of the reasonableness of the requested fee. (Dkt. # 27).

On February 3, 2012, this court entered an order stating that it appeared that the petition for attorney's fees under the EAJA was untimely and directing counsel to submit an amended fee petition pursuant to 42 U.S.C. § 406(b). (Dkt. # 32). On February 9, 2012, Hunter's counsel filed an amended fee petition requesting $12,150 in attorney's fees for time spent representing Hunter before both the agency and this court. The amended petition included a sworn itemized list of the hours spent representing plaintiff before this court and a requested hourly rate of $150.00 for a total fee of $6,150.00.[1] On February 23, 2012, the Commissioner objected only to

---

[1] The amended fee petition requests a $12,150.00 attorney fee for time spent before the agency and the court with only $6,150.00 claimed for representing plaintiff before the court. The court can award fees under 406(b) only for the time spent representing claimant before the court and not for the time spent representing the claimant before the agency. *See Ray v. Gardner*, 387 F.2d 162 (4th Cir. 1967) (holding that court has no jurisdiction to award attorney fees for services rendered before the agency). Therefore, I conclude that his attorney fee petition properly asks for the $6,150.00 amount.

2

2.1 hours of services rendered prior to filing this action. The Commissioner did not object to either the reasonableness of the hours expended or the requested hourly rate of $150.00. (Dkt. # 34). A hearing was held on February 24, 2012, at which time Hunter's counsel orally amended his fee petition to seek 25% of the awarded past-due benefits in the amount of $13,674.50, the maximum attorney fee allowed by §406(b). On the same day, counsel filed, at the court's request, a letter from the Commissioner reflecting the payment to Hunter of $54,698.00 less $13,674.50, which the Commissioner is presently holding for the payment of counsel's claimed attorney fee. (Dkt. # 35).

## DISCUSSION

The district court initially construed counsel's first fee request as being filed under the Equal Access to Justice Act. Counsel had thirty days to file a fee petition from the date the order of remand from the court became final and nonappealable. See 28 U.S.C. § 2412(d)(2)(G) and Fed. R. App.P. 4(a)(1). That time expired on October 3, 2011 four days before counsel filed his initial fee petition. Thus, the request for attorney's fees is untimely under the EAJA. Counsel is entitled, however, to an award of fees pursuant to 42 U.S.C. § 406(b).

An attorney's fee awarded in a social security case for services rendered before the court is limited contractually by the provisions of the written fee agreement and statutorily by the provisions of 42 U.S.C. § 406(b). *See e.g. Boggs v. Commissioner of Social Security*, 2009 WL 1014852 (E.D. Cal., April 15, 2009) (denying attorney's fees above a cap set by counsel's fee agreement with plaintiff). Counsel entered into a contingency fee agreement with Hunter dated April 30, 2010 in which he agreed to represent claimant in her "claim . . . against the Social Security Administration for disability benefits and/or supplemental security income." Counsel limited his fee to "twenty- percent (25%) of any back benefits received in said case or the sum of

3

$6,000.00, whichever is less." (Dkt. # 23). The fee contract limits the total fee award to the lesser of 25% of back benefits, in this case $13,674.50, or $6,000.00. The court is bound by the limitations placed on the total allowable fee by the contract between counsel and Hunter and can award no more than $6,000.00 in attorney's fees for his representation of Hunter before this court.

The court must determine that the fee awarded for representing a claimant before the court is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Hunter's counsel expended considerable effort and time over the course of four years preparing the case, developing an adequate record, and representing his client before the agency. *See Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (holding that the time spent and work performed before the agency is relevant in determining whether the fee claimed for the work before the court was reasonable). Undoubtedly, counsel's devotion to his client and skill representing Hunter before the agency and before the court contributed to the successful outcome before the district court. The court finds that the modest fee of $6,000.00 agreed to by counsel for Hunter is reasonable when considering the time expended before the court and the result achieved.

Based on the forgoing, it is **RECOMMENDED** that the petition for attorney fees pursuant to 42 U.S.C. § 406(b) be **GRANTED** and the court award counsel for Hunter $6,000.00 consistent with his fee agreement.

Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as

4

well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Entered: March 7, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge